**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICKY GALLOWAY, JR.,** | |
| **Plaintiff,** | Civil Action No. 23-02302 (ZNQ-TJB) |
| v. | **OPINION** |
| **VITA MENNIE,** *et al.*, | |
| **Defendants.** | |

**QURAISHI, District Judge**

Before the Court is *pro se* plaintiff Ricky Galloway's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff's *in forma pauperis* application (ECF No. 3), was previously granted by this Court. (ECF No. 4). The matter was previously administratively terminated pursuant to Local Civil Rule 10.1 (ECF No. 8), but Plaintiff has since updated this Court with his change of address. Accordingly, the Court now screens the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). For the reasons stated below, the Court will dismiss the Complaint without prejudice as to the warden at Ocean County Jail ("OCJ") and Plaintiff's defense counsel. The Court will dismiss the Complaint with prejudice as to Defendants Judge Ryan and Judge Gizenshi.

**I. THE COMPLAINT**

In April of 2023, Plaintiff filed this instant Complaint (ECF No. 1), in which he sues: (1) Vita Mennie, Deputy Public Defender; (2) Terrance Turnbach, an attorney; (3) Glenn Kassman, defense counsel; (4) Michael Paulhus, defense attorney; (5) Sandra J. Muller, the warden at Ocean County Jail ("OCJ"); (6) Judge Guy S. Ryan; and (7) Judge Rochelle Gizenshi. (*See* ECF No. 1 at 2-4).

1

Plaintiff, a pretrial detainee at OCJ since January 2021, asserts that "all parties" did not act in his best interest by failing to properly screen incoming inmates and file a petition for his release during the COVID-19 pandemic since Plaintiff suffers from asthma, high blood pressure, blood clots, and deep vein thrombosis. (ECF No. 1 at 6).

Specifically, Plaintiff asserts that on January 28, 2020, he hired Terrance Turnbach to represent him. (*Id.* at 8). Plaintiff asked Mr. Turnback to file a motion for his release, and Mr. Turnbach refused. (*Id.* at 8). One year later, Michael Paulhus was assigned to represent Plaintiff; Mr. Paulhus also refused to file a "bail hearing/release motion" that Plaintiff requested. (*Id.* at 8).

In mid-January 2021, Plaintiff contracted COVID-19 because, according to him, OCJ failed to properly screen new inmates. (*Id.* at 10). Plaintiff claims he was hospitalized for two weeks and that he is still feeling the effects of COVID on his body by sometimes getting severe pain in his legs and lungs. (*Id.* at 10).

On May 26, 2021, Plaintiff fired Mr. Turnback and was now represented by Mr. Glenn Kassman, an attorney appointed by Vita Mennie. (*Id.* at 8). After receiving Plaintiff's medical records and speaking with Plaintiff's two previous attorneys, Mr. Kassman also refused to file the motion on Plaintiff's behalf. (*Id.* at 8). Plaintiff wrote letters to Ms. Mennie, Mr. Joseph Krakorq, "the Public Defender of New Jersey," and to Judge Rochelle Gizenski, requesting his release.[1] (*Id.* at 8). Thereafter, Plaintiff had a suppression hearing, and his attorney, Mr. Zager, allegedly told him that the judge will not decide the suppression motion in his favor because she would have to release him if she did. (*Id.* at 8).

On September 25, 2022, Plaintiff was granted *pro se* status and filed a motion for his pre-trial release before Judge Guy S. Ryan. (*Id.* at 8). Plaintiff alleges that he did not receive a fair and

---

[1] Plaintiff makes no mention what the specific context of his letters was, nor does he mention if his letters were responded to.

impartial hearing on his motion, and that Judge Ryan "chang[ed] facts of [Plaintiff's] case." (ECF No. 1 at 8-9). Judge Ryan denied Plaintiff's motion, allegedly telling him that "COVID is over." (*Id*. at 9). Plaintiff disagrees since, in March 2023, at least two inmates contracted COVID-19 in his prison wing. (*Id*. at 9). Plaintiff claims that the exposure puts his life at risk. (ECF No. 1 at 9).

Plaintiff is seeking $100,000 in actual damages and $250,000 in punitive damages. (*Id*. at 10).

## II.  STANDARD OF REVIEW

### A.  Screening Standard

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 [3d Cir. 2000]).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.  Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Thus, to state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

## III. DISCUSSION

The Court liberally construes the Complaint as asserting a Fourteenth Amendment conditions of confinement and inadequate medical care claims against Sandra J. Muller, the warden at OCJ (ECF No. 7 at 5). For the reasons stated below, however, Plaintiff's claims against Ms. Muller are dismissed without prejudice.

For the reasons stated below, Plaintiff's claims against his defense attorneys, Ms. Mennie, Mr. Turnbach, Mr. Kassman, and Mr. Paulhus, are dismissed without prejudice. Last, Plaintiff's claims against Judge Ryan and Judge Gizenshi are also dismissed with prejudice.

### A. Claims Against Sandra J. Muller, the Warden at OCJ.

A defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights. . . ." *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's Complaint fails to plead facts for the Court to infer reasonably that Defendant Muller was personally involved in the alleged violations of Plaintiff's rights. To state a

claim for inadequate medical care, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Here, Plaintiff is not suing a medical staff member who allegedly provided (or failed to provide) treatment, nor does he state facts that Defendant Muller participated in his medical care. To the contrary, Plaintiff even admits that OCJ provided medical care for Plaintiff when he contracted COVID. (ECF No. 1, at 8). Thus, any Fourteenth Amendment deliberate indifference claim must be dismissed.

Furthermore, Plaintiff's Complaint does not identify how Muller's actual policies, customs, or actions caused Plaintiff injuries. On this point, Plaintiff only alleges that OCJ failed to screen incoming inmates. But this is a conclusory statement that does not allege sufficient facts to show that this lack of screening contributed to Plaintiff's injuries. Thus, Plaintiff fails to allege or plead sufficient facts to show that Defendant Muller was at all involved in the incidents that give rise to Plaintiff's claims.

Accordingly, the Court dismisses the claims against Defendant Muller without prejudice.

### B. Claims Against Plaintiff's Attorneys

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011). It is well established that a public defender, however, does not act "under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325

(1981); *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir. 1999)( "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their positions as officers of the court.").

Here, Plaintiff's complaint against his defense attorneys, including his court-appointed attorneys, fails to state a claim. Plaintiff's allegations regarding their actions, i.e., decisions regarding which motions to file, would fall within the traditional functions of counsel. As a result, the defendants are outside of the definitions of a "state actor" for § 1983 purposes. Plaintiff's claims against all his defense attorneys will therefore be dismissed without prejudice.

### C. Claims Against Judge Ryan and Judge Gizenshi

It is well established that "a judge is immune from a suit for money damages." *See, e.g., Forrester v. White,* 484 U.S. 219 (1988); *Cleavinger v. Saxner,* 474 U.S. 193 (1985). And even though unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9 (1991) (internal citations omitted).

Here, the actions taken by Judge Ryan and Judge Gizenshi that Plaintiff alleges violated his rights – denying Plaintiff's motions – were actions taken in their official judicial capacity. As such, Judge Ryan and Judge Gizenshi are entitled to judicial immunity. *See e.g., Shaikh v. Einbinder*, 2022 WL 1314690 (3rd Cir. May 3, 2022).[2]

---

[2] It is proper for a Court to *sua sponte* raise the affirmative defense of judicial immunity when it is clear from the face of the Complaint. *Ray v. Kertes,* 285 F.3d 287, 296 (3d Cir. 2002).

To the extent that Plaintiff attempts to overcome this immunity by arguing that Judge Ryan did not give him a fair and impartial hearing, (ECF No. 1 at 8), Plaintiff's claim still fails. *See Mireles*, 502 U.S. at 11, ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *Peeples v. Citta*, 501 Fed. Appx. 1029, 110 (3rd Cir. 2012) (claim of judge acting with "malicious intention" cannot overcome immunity).[3] Thus, Plaintiff's complaint with regards to Judge Ryan and Judge Gizenshi are dismissed. Since Plaintiff is unable to amend his complaint to overcome judicial immunity, the dismissal of this portion of Plaintiff's complaint is with prejudice. *See Peeples*, 501 Fed. Appx. At 111 ("amendment [of complaint] would be futile and we conclude that the District Court did not err in declining to allow [Plaintiff] leave to amend); *See also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

---

[3] The Court notes however that, based on the record before it, there is no evidence to support that defendant was deprived of a fair and impartial hearing.

8

## IV. CONCLUSION

In conclusion, for the reasons stated above, this Court, after granting Plaintiff IFP status, will dismiss Plaintiff's claims against the warden at OCJ and Plaintiff's defense attorneys without prejudice. The Court, however, will dismiss Plaintiff's claims against Judge Ryan and Judge Gizenshi, with prejudice.

An appropriate order follows.

Dated: April 14, 2025

                                                      s/ Zahid N. Quraishi
                                                      **ZAHID N. QURAISHI**
                                                      **UNITED STATES DISTRICT JUDGE**